**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK DESHAWN MILLER,
DARREN WALLACE CHAPPELL, and
STACEY SIMEON HALL,

          Plaintiffs,

v.

HANWHA L&C MONROE PLANT, et al.,

          Defendants.

_____/

CASE NO. 2:15-cv-12500

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING MAGISTRATE'S REPORT AND**
**RECOMMENDATION AND GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

      This matter is before the Court on Plaintiffs Derrick Miller and Stacey Hall's

objections to Magistrate Judge David R. Grand's Report and Recommendation ("R&R").

(Doc. 42).  On September 21, 2016, Magistrate Judge Grand entered an R&R

recommending that Defendants Hanwha L&C Monroe Plant ("Hanwha") and Cathy

Garello-Deron's Motions for Summary Judgment as to Plaintiffs Miller and Hall be

granted.  (Doc. 41).  Plaintiffs bring claims of racial employment discrimination pursuant

to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) and 42 U.S.C. §

1981.  Defendants assert that they are entitled to summary judgment, because Plaintiffs

were not hired based on legitimate, non-discriminatory factors.  Defendants also claim

that Plaintiffs have not made a prima facie case of employment discrimination.  For the

following reasons, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 41) and

**GRANTS** Defendants' Motions for Summary Judgment (Docs. 31, 32).

**I.**     **STATEMENT OF FACTS**

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R.  (See Doc. 41, pp. 2-15).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See also United States v. Raddatz, 447 U.S. 667, 674 (1980); Fed. R. Civ. Pro 72(b)(3) (stating that a district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions); E.D. Mich. LR 72.1(d)(2).  In conducting a *de novo* review, the Court should look to the relevant pleadings and evidence put forth in motions; a failure to file objections, or a failure to file specific objections, constitutes waiver.  See Thomas v. Arn, 474 U.S. 140, 142 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Federal Rule of Civil Procedure 72(b)(2) states that a party "may serve and file *specific* written objections to the proposed findings and recommendations."  (Emphasis added).  Objections to a magistrate's report cannot be general, for general objections "[have] the same [effect] as would a failure to object.  The district court's attention [would not be] focused on any specific issues for review, thereby making the initial reference to the magistrate useless."  Howard v. Sec'y of Heath & Human Serv.s, 932 F.2d 505, 509 (6th Cir. 1991).  The functions of the district court "[would be] effectively duplicated as both the magistrate and the district court perform identical tasks."  Id.  The objections "must be clear enough to enable the district court to discern those issues that

2

are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing Howard, 932 F.2d at 509).

Indeed, a *pro se* litigant's objection should be liberally construed. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). However, the status as a *pro se* litigant does not alter the responsibilities or duties on answering motions, including objections to a magistrate's report. See, e.g., United States v. Ninety Three Firearms, 330 F.3d 414, 427-28 (6th Cir. 2003) (holding that in the Sixth Circuit there is no rule providing "special assistance" to nonprisoner pro se litigants responding to summary judgment motions).

## III.   DISCUSSION

In the instant case, the Magistrate Judge found that Plaintiffs failed to show a prima facie case of discrimination, and, even if they could show a prima facie case, Plaintiffs failed to show that Defendants' proffered reasons for not hiring them were merely pretext. The Magistrate Judge explained that Plaintiffs "have presented no evidence to suggest that [Defendants] did not select them as candidates for employment based on their race, rather than because their resumes indicated that they lacked numerous qualifications that [Defendants] considered important – and that many other applicants possessed." (Doc. 41 at p. 25).

Plaintiffs filed objections to the R&R stating that the Magistrate Judge "failed to pay attention to the facts" and that Defendants committed perjury. (Doc. 42). With respect to the alleged perjury, Plaintiffs claim that the Defendants "disseminated, inaccurate information to this court" in the form of information from iChat about Plaintiff Hall. Additionally, Plaintiffs argue that the evidence submitted by Plaintiffs and Defendants clearly shows violation of Title VII, as "plaintiff(s) and black people

3

resume(s) that were submitted at (Hanwha) were not even considered for employment opportunities . . ."  Finally, Plaintiffs claim "Judge David R. Grand failed to pay attention to the facts of the case for the reasons stated above and below. It's very clear that plaintiff(s) and other [A]frican-[A]mericans have been denied job opportunities at Hanwha."

With respect to Plaintiffs' claims regarding perjury, they have not specifically identified what information provided by Defendants was inaccurate.  A review of the exhibits submitted in support of Defendants' Motions for Summary Judgment does not reveal any information from iChat.  Allegations of perjury or lying are not enough to constitute valid objections without a showing of competent evidence.  See Pugh v. Holden-Selby, No. 12-cv-12357, 2013 WL 332857, at 4 (E.D. Mich. July 2, 2013) (rejecting a *pro se* plaintiff's objection that Defendant lied because no evidence was provided).  Regarding Plaintiffs' argument that Defendants did not consider resumes from African Americans, Plaintiffs rely on the same witness list and affidavit submitted before the Magistrate Judge.  Accordingly, Plaintiffs "merely rehash" the information and argument already presented to Magistrate Grand, which is not a basis for overturning an R&R.  See Davis v. Caruso, No. 07-cv-10115, 2008 WL 540818 at 2 (E.D. Mich. Feb. 25, 2008) (stating that even *pro se* litigants cannot "merely rehash[ ] [their] arguments").

Even construing Plaintiffs' objections liberally, Plaintiffs fail to state a proper basis for objecting to Magistrate Grand's R&R.  Plaintiffs do not present any explicit, unambiguous objections which would provide a reason to conduct a *de novo* review of Magistrate Grand's R&R. The statement that "[the magistrate] failed to pay attention to the facts of the case" embraces a general objection, which is impermissible in this

4

jurisdiction.  See Howard, 932 F.2d at 509.  Plaintiffs' objections are essentially conclusory allegations that were expressly rejected by Magistrate Grand in his R&R, and for which Plaintiff has provided no support.  Plaintiffs' objections amount to nothing more than a disagreement with Magistrate Grand's findings.  Other judges in the district have taken the same position when *pro se* litigants bring about general, legally vague objections.  See, e.g., Van Jenkins v. Mich. Dept. of Corrections, No. 14-cv-11812, 2015 WL 5244420 at 2 (E.D. Mich. Sept. 8, 2015);  Turner v. Callington, No. 13-cv-12744, 2014 WL 2764172 at 2 (E.D. Mich. Jun. 18, 2014);  Binford v. John Adams Mortgage, No. 10-cv-12390, 2011 WL 4498803 at 1 (E.D. Mich. Sept. 27, 2011).

It should be noted that while a court does not have to consider the merits of general objections, it does not preclude "further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." Arn, 474 U.S. at 154.  However, based on the materials presented by Plaintiff and the exhaustive review of record by the Magistrate Judge, the instant case does not appear to warrant further review, as conducting such a review would duplicate the work of the Magistrate Judge. See Howard, 932 F.2d at 509. Plaintiffs in the instant case have not offered any specific objections regarding the Magistrate Judge Grand's analysis; accordingly, the Court "is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." See Ranalli v. Comm'r of Soc. Sec., No. 15-cv-14039, 2017 WL 835589 at 5 (E.D. Mich. Mar. 3, 2017).

## IV.    CONCLUSION

Based on the aforementioned reasons and case law, the Court **ADOPTS**

Magistrate Grand's R&R and **GRANTS** Defendants' Motion for Summary Judgment.


**IT IS SO ORDERED.**

Date:   March 30, 2017                              s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2017.


                                                    s/ Kay Doaks
                                                    Case Manager