UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK DESHAWN MILLER,
DARREN WALLACE CHAPPELL, and
STACEY SIMEON HALL,

        Plaintiffs,        Civil Action No. 15-12500
                                            Honorable Marianne O. Battani
                                            Magistrate Judge David R. Grand
v.

HANWHA L&C MONROE PLANT, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF MILLER'S AND
PLAINTIFF CHAPPELL'S COMPLAINTS AGAINST DEFENDANTS
CHANG-BUM KIM, SANG MOOK LEE, AND DENNIS KIRKLAND
FOR FAILURE TO SERVE**

**I.    PROCEDURAL HISTORY**

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) and 42 U.S.C. § 1981 by *pro se* Plaintiffs Derrick Deshawn Miller, Darren Wallace Chappell, and Stacey Simeon Hall[1] against Defendants Hanwha L&C Monroe Plant, Cathy Garello-Deron, Chang-Bum Kim, Sang Mook Lee, Dennis Kirkland, and the Equal Employment Opportunity Commission and four of its employees. Plaintiffs Miller, Chappell, and Hall allege that Defendants failed to employ them because of race discrimination. An Order of Reference was entered by the Honorable Marianne O. Battani on November 10, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #13).

---

[1] Plaintiffs Miller, Chappell, and Hall had initially filed separate actions. On March 30, 2016, their three cases were consolidated under lead case number 15-12500 by the Honorable Marianne O. Battani. (Doc. #24).

Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland have not answered or otherwise appeared in this action. Summonses were issued originally on September 11, 2015. (Doc. #5). On January 26, 2016, because Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland had never been properly served, they were dismissed from Plaintiff Hall's case. (Case No. 15-12591, Doc. #12). This was before the cases were consolidated on March 30, 2016. (Doc. #24). Consequently, these defendants were not dismissed from Plaintiff Miller's case or Plaintiff Chappell's case.

On March 31, 2017, the Court ordered Plaintiffs Miller and Chappell to show cause, in writing, why their complaints should not be dismissed without prejudice as to these three defendants because of their failure to timely serve them under Fed. R. Civ. P. 4(m).[2] (Doc. #55). The Court indicated that Plaintiffs Miller and Chappell could satisfy their obligation to show cause by properly serving them by April 21, 2017, and filing proper proof of service by that date. (*Id.* at 2). Plaintiffs Miller and Chappell were "expressly warned that their failure to timely and properly respond to this Order to Show Cause will result in a recommendation that their claims against Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland be dismissed without prejudice." (*Id.*).

On April 25, 2017, Plaintiffs Miller and Chappell filed documents entitled "Proof of Service." (Docs. #69, #70). Plaintiff Chappell filed this document as to Defendants Chang-Bum Kim (Doc. #69 at 1), Sang Mook Lee (Doc. #69-1 at 1), and Dennis Kirkland. (Doc. #69-2 at 1).

---

[2] Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be made upon a defendant within ninety days after filing the complaint, otherwise,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff Miller, apparently in error, filed this document only as to Defendants Sang Mook Lee (Doc. #70-1 at 1) and Dennis Kirkland. (Docs. #70 at 1; #70-2 at 1). All of these documents indicate that the process server (Justin Davis) served the summonses on "Joon Young Jung, who is designated by law to accept service of process on behalf of" the particular defendant being served.

Rule 4(e)(2)(C) provides that an individual may be served by "delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Here, Joon Young Jung's connection to the three defendants to be served is unclear. Moreover, Plaintiff Miller did not even file a valid proof of service as to Defendant Chang-Bum Kim.

Accordingly, on April 27, 2017, the Court issued a second order to show cause, giving Plaintiffs Miller and Chappell until May 11, 2017, to provide documentary proof that Joon Young Jung is an authorized agent for Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland as contemplated by Rule 4(e)(2)(C). (Doc. #71 at 3). Plaintiff Miller was also instructed to serve Defendant Chang-Bum Kim in compliance with Rule 4(m) by May 11, 2017, and to file a proper proof of service by that date. (*Id.*). Plaintiffs Miller and Chappell were **"again expressly warned that their failure to timely and adequately respond to this Order to Show Cause will result in a recommendation that their claims against Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland be dismissed without prejudice."** (*Id.*) (emphasis in original). To date, neither Miller nor Chappell has filed a response to this second order to show cause.

## II.   ANALYSIS

A court may dismiss an action under Rule 41(b) when a plaintiff fails to prosecute,

comply with the Federal Rules, or comply with a court order. Fed. R. Civ. P. 41(b). A court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

With regards to this case, the Court finds that at least three of the four factors weigh in favor of dismissal.[3] First, despite the Court's granting of additional time to demonstrate proper service, Plaintiffs Miller and Chappell have still failed to do so. They have further failed to respond to the Court's second order to show cause. While the Court does not presume this is the result of bad faith or willfulness, they are clearly at fault for failing to comply with the Court's order requiring proof of proper service on these three defendants.

The third and fourth factors were met by the Court's two orders to show cause, which specifically warned Miller and Chappell that "**their failure to timely and adequately respond . . . will result in a recommendation that their claims against Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland be dismissed without prejudice.**" (Docs. #55, #71). Thus, Plaintiffs Miller and Chappell have been on notice of their failure to serve these three defendants in violation of Rule 4 for close to three months.

---

[3] The Court can find no prejudice to Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland by Plaintiffs Miller and Chappell's failure to serve, and thus the second factor is not met here.

4

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) for Plaintiffs Miller and Chappell's failure to serve Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland within ninety days of filing their complaints or within the additional time granted to them by the Court, as well as their failure to comply with the Court's second order to show cause.  (Doc. #71).  Under Rule 4(m), such a dismissal should be without prejudice.

### III.    RECOMMENDATION

Accordingly, the Court **RECOMMENDS** dismissing Plaintiffs Miller and Chappell's complaints as to Defendants Chang-Bum Kim, Sang Mook Lee, and Dennis Kirkland **(Doc. #1; Case No. 15-14272, Doc. #1-2) WITHOUT PREJUDICE**.

Dated: May 26, 2017                               s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager