**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK DESHAWN MILLER,
DARREN WALLACE CHAPPELL, and
STACEY SIMEON HALL,

       Plaintiffs,

v.

HANWHA L&C MONROE PLANT, et al.,

       Defendants.

_____/

CASE NO. 2:15-cv-12500

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING MAGISTRATE'S REPORT AND
RECOMMENDATION AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

On May 26, 2017, Magistrate Judge Grand entered an Report and Recommendation (R&R) recommending that Defendants Hanwha L&C Monroe Plant ("Hanwha") and Cathy Garello-Deron's Motion for Summary Judgment as to Plaintiff Darren Chappell be granted. (Doc. No. 74). Plaintiff filed suit alleging claims of racial employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) and 42 U.S.C. § 1981. Defendants moved for summary judgment, arguing Plaintiff cannot establish a prima facie case of race discrimination. (Doc. No. 44). For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 41) and **GRANTS** Defendants' Motion for Summary Judgment.

**I.    STATEMENT OF FACTS**

The parties have not objected to the R&R's summary of the facts and procedural history. Therefore, the Court adopts that portion of the R&R. (See Doc. 74, pp. 2-9).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See also United States v. Raddatz, 447 U.S. 667, 674 (1980); Fed. R. Civ. Pro 72(b)(3) (stating that a district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions); E.D. Mich. LR 72.1(d)(2).  In conducting a *de novo* review, the Court should look to the relevant pleadings and evidence put forth in motions; a failure to file objections, or a failure to file specific objections, constitutes waiver.  See Thomas v. Arn, 474 U.S. 140, 142 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Federal Rule of Civil Procedure 72(b)(2) states that a party "may serve and file *specific* written objections to the proposed findings and recommendations."  (Emphasis added).  Objections to a magistrate's report cannot be general, for general objections "[have] the same [effect] as would a failure to object.  The district court's attention [would not be] focused on any specific issues for review, thereby making the initial reference to the magistrate useless." Howard v. Sec'y of Heath & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).  The functions of the district court "[would be] effectively duplicated as both the magistrate and the district court perform identical tasks." Id.  The objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing Howard, 932 F.2d at 509).

## III.    ANALYSIS

After reviewing all of the relevant filings, the Magistrate Judge found that Chappell failed to show a prima facie case of racial discrimination in the context of a claim for failure to hire.  Specifically, Chappell did not show he was qualified for the job for which Hanwha was hiring.  According to Deron, who worked in human resources, she reviewed Chappell's resume and found it did not reflect stability, longevity, or relevant experience, so he was not selected for an interview.  (Doc. No. 74 at 14). Moreover, Chappell conceded during his deposition that his resume reflected that he had not held a job for more than six months.  (R&R at 15).  He additionally conceded he did not have relevant experience reflected on his resume and had failed to include some relevant experience.  Further, Chappell failed to establish that his qualifications were similar to the qualifications of nonprotected members of the class.  Finally, Chappell failed to show that Hanwha continued to seek other applicants with his qualifications after his request for employment was denied.

Even if Plaintiff could show a prima facie case, he failed to show that Defendants' proffered reasons for not hiring him were merely pretextual.  The Magistrate Judge explained that Plaintiff "has presented no evidence to suggest that Hanwha and Deron did not select him as a candidate for employment based on his race, rather than because his resume indicated that he lacked numerous qualifications that [Defendants] considered important – and that many other applicants possessed."  (Doc. No. 74 at p. 19).

The Magistrate Judge informed the parties that objections to the Report and Recommendation ("R&R") must be filed within fourteen days of service and that a

party's failure to file objections would waive any further right of appeal. See, (Doc. No. 73 at 5). Because no objection has been filed in this case, Chappell has waived his right to review and appeal. Moreover, the Courts finds the analysis thoroughly recounted the facts and properly applied the governing law in reaching the recommendation to grant Defendants' request for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** Magistrate Grand's R&R and **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**


Date: July 31, 2017                    s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 31, 2017.


                                                          s/ Kay Doaks
                                                          Case Manager